UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCISCA HERNANDEZ SANCHEZ,

    Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,

    Defendant,

and

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,

    Third-Party Plaintiff,

v.

COMMERCIAL AIR SYSTEMS/LENNOX
NATIONAL ACCOUNT SERVICES

    Third-Party Defendant.
_____/

Case No. 11-12241

HON. AVERN COHN

## MEMORANDUM AND ORDER DENYING LENNOX NATIONAL ACCOUNT SERVICES' MOTION TO STRIKE COUNT (II) OF THE THIRD-PARTY COMPLAINT (DOC. 19)

### I. Introduction

This is a slip and fall case. Plaintiff Francisca Hernandez Sanchez claims she slipped on a puddle of water created by a faulty air-conditioning unit. The complaint is in four (4) counts: (I) Negligent Maintenance of Air Conditioning Unit, (II) Nuisance, (III) Negligent Nuisance, and (IV) Premises Liability. The defendant is Burlington Coat Factory Warehouse Corporation (Burlington), a retailer of clothing and accessories. Burlington filed a third-party complaint (Doc. 10) against Commercial Air

Systems/Lennox National Account Services LLC (Lennox) with whom it had a contract to service its air-conditioning units.

Burlington's third-party complaint is in five (5) counts: (I) Negligence, (II) Breach of Contract, (III) Express Contractual Indemnification, (IV) Common Law Indemnification, and (V) Contribution. Lennox filed a motion to dismiss (Doc.19) counts I, IV, and V to strike count (II). The parties dismissed by stipulation counts I, IV, and V of Burlington's third party complaint. (Doc.24) Now before the Court is Lennox's motion to strike count (II) of Burlington's third party complaint. (Doc. 19). For the reasons that follow, the motion is **DENIED** without prejudice.

## II. Background

Lennox argues that count (II) Bread of Contract of Burlington's third party complaint should be stricken as redundant because the allegations and prayer for relief are identical to count (III) Express Contractual Indemnification. Burlington argues that count (II) Breach of Contract embraces a separate theory of recovery and requests leave of the Court to amend its complaint if the Court finds the counts duplicative.

Lennox and Burlington entered into a service contract that provides indemnification to Burlington against "all claims, penalties, demands, causes of action, damages, costs, and/or expenses (including, without limitation, reasonable attorney's fees) directly or indirectly connected with [Lennox's] obligations hereunder or [Lennox's] negligent or intentional acts."

## III. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading redundant matter on its own motion or the motion of a party.

Given the scope of the indemnification provision in the contract between Burlington and Lennox it is difficult to see what damages a breach of contract claim would include in excess of the express indemnification clause. The language of the contract appears to embrace all potential contract damages. As such, count (II) of the third-party complaint is duplicative of count (III). However, if the counts contemplate the same damages then it is difficult to see how Lennox's motion to strike count (II) serves to narrow the scope of the litigation. The purpose of striking redundant material from a pleading is to improve efficiency and expedite the case. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Since counts (II) and (III) appear redundant as currently plead, striking count (II) does not seem to increase the efficiency of the litigation. Accordingly, the motion to strike count (II) will be denied without prejudice pending further proceedings in this case.

**SO ORDERED.**

Dated: April 11, 2012                s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Wednesday, April 11, 2012, by electronic and/or ordinary mail.

                                     s/Julie Owens
                                     Case Manager, (313) 234-5160